# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP1385-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Sergio Magaña, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. Sergio Magaña, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST MAGAÑA

| | |
|---|---|
| OPINION FILED: | November 28, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP1385-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Sergio Magaña, Attorney at Law:**

**Office of Lawyer Regulation,**

Complainant,

v.

**Sergio Magaña,**

Respondent.

**FILED**

**NOV 28, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. We review Referee Jonathan V. Goodman's recommendation that the court declare Attorney Sergio Magaña in default and revoke his Wisconsin law license in connection with his work in 22 client matters, his non-cooperation with the Office of Lawyer Regulation's (OLR) investigation into his conduct, his conviction for misdemeanor operating while intoxicated (second offense), and his failure to report that conviction to the OLR and the clerk of this court. The referee

also recommended that Attorney Magaña be ordered to pay restitution and the costs of this proceeding.

¶2 Because no appeal has been filed, we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2).[1] After conducting our independent review of the matter, we agree with the referee that, based on Attorney Magaña's failure to answer the amended complaint filed and served by the OLR, the OLR is entitled to a default judgment. We also agree with the referee that Attorney Magaña's professional misconduct warrants the revocation of his law license. We further agree that Attorney Magaña should pay restitution in the amounts described below, and that he should pay the full costs of this proceeding.

¶3 Attorney Magaña was admitted to practice law in Wisconsin in September 2012. According to the OLR's amended complaint and the referee's report, Attorney Magaña's law license has been suspended for nonpayment of bar dues and for

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

2

failing to comply with the trust account certification requirements.[2]

¶4 In July 2016, the OLR filed a complaint against Attorney Magaña that raised 27 counts of misconduct committed in eight client matters: E.S. (Counts 1-4); M.M.-M. (Counts 5-8); G.A.H. (Counts 9-12); A.G. (Counts 13-15); O.M.G. (Counts 16-19); A.L. (Counts 20-22); M.S. (Counts 23-24); and M.R. (Counts 25-27). In August 2016, Attorney Magaña filed an answer to the complaint in which he admitted some counts of misconduct and denied the remainder.

¶5 In mid-October and mid-December 2016, the referee sent correspondence to Attorney Magaña requesting that he contact the referee to set a date for a scheduling conference. Attorney Magaña did not respond.

¶6 On December 27, 2016, the OLR filed an amended complaint against Attorney Magaña that raised 74 counts of misconduct. Seventy-two of these counts concerned misconduct allegedly committed in 22 client matters: E.S. (Counts 1-4); M.M.-M. (Counts 5-8); A.H. (Counts 9-12); A.G. (Counts 13-15); O.M.G. (Counts 16-19); A.L. (Counts 20-22); M.S. (Counts 23-24); M.R. (Counts 25-27); J.B.G. (Counts 28-29); J.F.C. (Counts 30-

---

[2] According to the State Bar of Wisconsin's website, Attorney Magaña's law license is in good standing, but is in inactive status, which means that he is not engaged in the practice of law in Wisconsin. See State Bar of Wisconsin, www.wisbar.org (last visited Sept. 25, 2017); see also SCR 10.03(3)(Membership).

34); R.A. (Counts 35-38); A.A. (Counts 39-41); A.C.C. (Counts 42-45); A.D. (Counts 46-49); R.G. (Counts 50-51); F.M. (Counts 52-53); F.R.A. (Counts 54-56); C.R. (Counts 57-60); I.R.M. and I.I. (Counts 61-64); I.M. (Counts 65-66); M.S. (Counts 67-70); and N.S.M. (Counts 71-72). Two additional counts (Counts 73-74) related to Attorney Magaña's misdemeanor operating while intoxicated (second offense) conviction, entered in April 2014, and his subsequent failure to report the same to the OLR and the clerk of this court. The OLR served the amended complaint on Attorney Magaña via U.S. Mail.

¶7 On February 2, 2017, Attorney Magaña filed a request for additional time to respond to the OLR's amended complaint. Attorney Magaña confirmed that he had received the amended complaint via U.S. Mail, but claimed that his receipt of the document had been delayed because he had been away on a "holiday break" at the time the OLR had mailed it. He further alleged that the breadth of the allegations necessitated additional time for his response. Although the OLR agreed in writing to extend the answer deadline to March 15, 2017, Attorney Magaña failed to answer by that date, prompting the OLR to file a motion for default judgment in April 2017. The referee set the matter for a telephonic hearing at which Attorney Magaña failed to appear. On June 26, 2017, the referee filed a report recommending that Attorney Magaña be declared in default; concluding that Attorney Magaña engaged in serious professional misconduct warranting license revocation; and recommending that the court order

4

Attorney Magaña to pay both the full costs of this proceeding and restitution in certain specified amounts.

¶8 Attorney Magaña has not filed an appeal from the referee's report and recommendation. Accordingly, our review proceeds pursuant to SCR 22.17(2).

¶9 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶10 We agree with the referee that Attorney Magaña should be declared in default. Attorney Magaña undisputedly received a copy of the amended complaint, but failed to appear or present a defense despite being given ample opportunity to do so. He has, therefore, defaulted. We also accept the referee's findings of fact based on the allegations of the amended complaint, and agree with the referee that those findings support a determination of misconduct on the 74 counts alleged in the OLR's complaint.

¶11 The scope of Attorney Magaña's misconduct——which, again, is deemed admitted here——is vast and troubling. Given the volume of uncontested allegations in the OLR's 61-page amended complaint, we do not repeat them all here. It is sufficient to provide the following summary.

5

¶12 Attorney Magaña practiced immigration law at a law firm in the Milwaukee area. Time and again, Attorney Magaña collected flat fees and cost advances from his clients and did not perform the work he committed to do. He would often ignore his clients' requests for information about their cases. When he did communicate with his clients, he would supply them with false information——including fabricated documents and false case numbers——in order to deceive them into believing that their cases were progressing on schedule, when in fact they were languishing due to Attorney Magaña's inactivity. Attorney Magaña eventually left his employing law firm, but did not tell his clients of his departure or take any steps to protect their interests upon his departure. He was uncooperative with the OLR's investigation into his conduct. In April 2014, he pled guilty to a charge of misdemeanor operating while intoxicated (second offense), and failed to timely report that conviction to the OLR and the clerk of this court.

¶13 The OLR alleged and the referee concluded that this string of misdeeds amounted to the following 74 acts of professional misconduct:

- Contrary to SCR 20:1.3,[3] Attorney Magaña willfully failed to act with diligence and promptness during his representation of E.S. (Count 1); M.M.-M. (Count 5); A.H. (Count 9); A.G. (Count 13); O.M.G. (Count 16);

_____

[3] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

6

A.L. (Count 20); M.S. (Count 23); M.R. (Count 25); J.B.G. (Count 28); J.F.C. (Count 30); R.A. (Count 35); A.A. (Count 39); A.C.C. (Count 42); A.D. (Count 46); R.G. (Count 50); F.M. (Count 52); F.R.A. (Count 54); C.R. (Count 57); I.R.M. and I.I. (Count 61); I.M. (Count 65); M.S. (Count 67); and N.S.M. (Count 71).

- Contrary to 20:1.4(a)(3),[4] and also, in some instances, SCR 20:1.4(a)(4),[5] Attorney Magaña failed to keep the following clients reasonably informed about the status of their cases: E.S. (Count 2); M.M.-M. (Count 6); A.H. (Count 10); A.G. (Count 14); O.M.G. (Count 17); A.L. (Count 21); M.S. (Count 24); M.R. (Count 26); J.B.G. (Count 29); J.F.C. (Count 31); R.A. (Count 36); A.A. (Count 40); A.C.C. (Count 43); A.D. (Count 47); F.M. (Count 53); F.R.A. (Count 55); C.R. (Count 58); I.R.M. and I.I. (Count 62); and M.S. (Count 68).

- Contrary to SCR 20:1.15(b)(1),[6] Attorney Magaña failed to hold the filing fees paid by his client, J.F.C., in trust (Count 33).

---

[4] SCR 20:1.4(a)(3) provides: "A lawyer shall keep the client reasonably informed about the status of the matter."

[5] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

[6] SCR 20:1.15(b)(1) provides:

A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients

(continued)

7

- Contrary to SCR 20:8.4(c),[7] Attorney Magaña engaged in dishonesty, fraud, deceit, or misrepresentation during his representation of E.S. (Count 3); M.M.-M. (Count 7); A.H. (Count 11); A.G. (Count 15); O.M.G. (Count 18); M.R. (Count 27); J.F.C. (Counts 32 and 34); R.A. (Count 37); A.D. (Count 48); F.R.A. (Count 56); C.R. (Count 59); I.R.M. and I.I. (Count 63); and M.S. (Count 69).

- Contrary to SCR 22.03(6)[8] and also, in some instances, SCR 22.03(2),[9] enforced via SCR 20:8.4(h),[10] Attorney

---

and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

[7] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[8] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[9] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further

(continued)

8

Magaña failed to provide relevant information to the OLR in a timely fashion during its investigation into his representation of E.S. (Count 4); M.M.-M. (Count 8); A.H. (Count 12); O.M.G. (Count 19); A.L. (Count 22); R.A. (Count 38); A.A. (Count 41); A.C.C. (Counts 44 and 45); A.D. (Count 49); R.G. (Count 51); C.R. (Count 60); I.R.M. and I.I. (Count 64); I.M. (Count 66); M.S. (Count 70); and N.S.M. (Count 72).

- Contrary to SCR 20:8.4(b)[11] and SCR 21.15(5),[12] Attorney Magaña engaged in conduct leading to his misdemeanor

investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[10] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

[11] SCR 20:8.4(b) provides: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[12] SCR 21.15(5) provides:

An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the Supreme Court within 5 days after the finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and the clerk of the supreme court of being found guilty of his or her conviction is misconduct.

operating while intoxicated (second offense) conviction, and then failed to timely report that conviction to the OLR and the clerk of this court (Counts 73 and 74).

¶14 Based upon our review of the record, we have no difficulty agreeing with the referee's recommendation that Attorney Magaña's law license should be revoked. The undisputed facts show a clear pattern of neglect by Attorney Magaña of his clients' needs and objectives, of his professional obligations as an attorney, and of the basic importance of truthfulness. No sanction short of revocation would be sufficient to protect the public, deter other lawyers from similar behavior, and impress upon Attorney Magaña the many errors of his ways. In short, Attorney Magaña cannot be entrusted with a law license. A revocation of Attorney Magaña's law license is also consistent with other disciplinary cases in which we have revoked an attorney's license. See, e.g., In re Disciplinary Proceedings Against Kelly, 2012 WI 55, 341 Wis. 2d 104, 814 N.W.2d 844 (revocation for 51 counts of misconduct for, among other things, failing to perform any substantial work on client cases, failing to respond to client inquiries, falsely promising clients that legal work would be completed shortly, and failing to cooperate with the OLR); In re Disciplinary Proceedings Against Fadner, 2007 WI 18, 299 Wis. 2d 54, 727 N.W.2d 20 (revocation for 45 counts of misconduct for, among other things, failing to draft and file papers for clients as promised, failing to respond to

10

client inquiries, failing to appear at scheduled court hearings, and failing to cooperate with the OLR).

¶15 We further conclude that full costs are to be imposed on Attorney Magaña. The OLR's requested costs, as of July 14, 2017, total $4,925.31. Attorney Magaña has failed to object to these requested costs or allege any factors that would justify a reduction in them. He will accordingly bear them in full.

¶16 As to the issue of restitution, the referee recommended, consistent with the OLR's request in its amended complaint, that this court order Attorney Magaña to pay restitution to former client M.S. in the amount of $630; to former client J.F.C. in the amount of $420; and to his prior law firm in the amount of $420. We agree with this recommendation.

¶17 IT IS ORDERED that the license of Sergio Magaña to practice law in Wisconsin is revoked, effective the date of this order.

¶18 IT IS FURTHER ORDERED that Sergio Magaña shall pay restitution in the following amounts:

- $630 to former client M.S.;
- $420 to former client J.F.C; and
- $420 to his former law firm.

¶19 IT IS FURTHER ORDERED that within 60 days of the date of this order, Sergio Magaña shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $4,925.31 as of July 14, 2017.

¶20 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶21 IT IS FURTHER ORDERED that, to the extent he has not already done so, Sergio Magaña shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.